**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**ARJOHUNTLEIGH, INC.,**

|                                                        |                          |
| ------------------------------------------------------ | ------------------------ |
|                     **Plaintiff,**                     | **MEMORANDUM**           |
|                                                        | <u>**AND ORDER**</u>     |
|                     -against-                          | **11-CV-421 (SLT)**      |

**GEORGE ARMSTRONG, et al.,**

                              **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-application from defendant George
Armstrong ("Armstrong") for permission to amend his Answer to include a counterclaim
alleging employment discrimination based on race.  <u>See</u> Letter Requesting Permission (Jan. 23,
2012) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #36.  Plaintiff
ArjoHuntleigh ("plaintiff") opposes the request on the ground that the proposed amendment
would be futile and would cause undue prejudice and delay.  <u>See</u> Letter Responding to
Armstrong's Request (Jan. 24, 2012) ("Pl. Opp.") at 2, DE #38.  For the reasons that follow,
Armstrong's motion is denied.

<u>**PROCEDURAL BACKGROUND**</u>

Plaintiff filed this action more than a year ago, on January 28, 2011, charging that
Armstrong, its former employee, assisted by his company, defendant Armstrong Professional
Services, Inc., stole from plaintiff, solicited its customers, and competed with plaintiff using
the products he had stolen, in violation of a non-compete agreement between Armstrong and
plaintiff.  <u>See</u> Complaint ¶ 1, DE #1.  Defendants responded to the Complaint on March 15,

2011, filing an Answer with Counterclaims; those counterclaims allege that plaintiff's lawsuit constitutes unlawful retaliation against Armstrong for having filed a discrimination claim against plaintiff with the Equal Employment Opportunity Commission ("EEOC") and New York State Division of Human Rights ("NYSDHR"). See Answer ¶¶ 144-155, DE #12. Notably, those counterclaims do *not* charge plaintiff with having unlawfully discriminated against Armstrong.[1]

At an initial conference held on April 20, 2011, the Court (among other things) set deadlines for fact discovery (i.e., October 14, 2011) and for amending the pleadings and adding new parties (i.e., May 31, 2011). See Minute Entry (Apr. 20, 2011), DE #16. On October 11, 2011, the Court granted the parties' request to extend discovery until January 16, 2012.[2] See Endorsed Order (Oct. 11, 2011), DE #30; see also Letter Requesting Extension (Oct. 10, 2011) ("10/10/11 Letter"), DE #29. Significantly, the parties' application made clear that they were not seeking to extend any other deadlines. See 10/10/11 Letter at 1 ("No other dates are affected by this request . . . .").

One month before discovery closed, and following numerous failed attempts to settle the case (both with and without the Court's involvement), defendants sought to change attorneys. See Consent to Change Attorney (Dec. 5, 2011), DE #32. Concerned that this

---

[1] Surprisingly, defendants' two submissions to the Court on the amendment issue ignore the fact that their Answer does contain counterclaims, albeit for retaliation, not discrimination. See generally Def. Motion; Letter in Response to Plaintiff's Letter (Jan. 25, 2012) ("Def. Reply"), DE #39.

[2] A week later, that deadline was advanced to January 13, 2012, due to the fact that January 16, 2012 was a federal holiday. See Minute Entry (Oct. 18, 2011), DE #31.

switch would slow the progress of the litigation, this Court ruled that "[t]he substitution of counsel is approved, *provided that the progress of the case will not be delayed*." Order (docketed December 6, 2011), DE #33 (emphasis added). Nevertheless, later that month, defendants' new counsel requested yet another ninety-day extension of the discovery deadline, on the ground that his clients had not yet responded to discovery demands previously served on them. See Letter Motion for Extension of Time (docketed Dec. 30, 2011) ("12/30/11 Letter") at 2, DE #34.[3] The Court granted that request in substantial part, extending the discovery deadline to March 30, 2012. See Endorsed Order (Dec. 30, 2011), DE #35.

It was not until January 23, 2012 that defendants moved for permission to amend their Answer to add a new counterclaim. See Def. Motion.

## DISCUSSION

Defendants' application to amend their pleading comes nearly eight months after the court-imposed deadline for such amendments (to wit, May 31, 2011). In belatedly seeking authorization to amend, defendants focus on the facts surrounding the alleged discrimination, see Def. Motion at 2-3, but they cite only a single reason for their delay in moving to amend: "When the Answer was served, the EEOC had not yet ruled on Mr. Armstrong's complaint and the right to sue letter had not yet been issued." Id. at 2.

Defendants' explanation for their delay is unpersuasive. First, they ignore the fact that despite the absence of a so-called right-to-sue-letter from the EEOC or NYSDHR, see

---

[3] Defendants alluded to their desire to amend the Answer to add a counterclaim for race discrimination; their December 30th letter did not, however, seek permission to amend their pleading. See 12/30/11 Letter at 2.

generally 42 U.S.C. § 2000e-5(b)-(f)(1), defendants asserted a counterclaim for retaliation in

their Answer filed in March 2011.  Second, defendants still have not received their right-to-sue

letter.  See generally Pl. Opp. at 2 (arguing that, for that reason, Armstrong's discrimination

claims have not been exhausted and would be futile).  Notably, according to defendants,

Armstrong's administrative complaint was filed with the EEOC on August 6, 2010, see Def.

Motion at 2; Armstrong could have requested a right-to-sue letter as early as 180 days from the

filing of his administrative complaint, see 29 C.F.R. § 1601.28(a)(1), or more than a month

before defendants filed their original Answer to the Complaint in March 2011.  To the extent

that defendants have now requested that the EEOC issue a right-to-sue letter, see Def. Motion

at 2 (stating, "[u]pon information and belief, [that] a right to sue letter can now be obtained

within two to three weeks upon written request to the EEOC"), they fail to explain why no

such request was made before they first filed their Answer -- or at least in sufficient time to

amend their pleading before the May 31, 2011 deadline for doing so.

   While Rule 15 of the Federal Rules of Civil Procedure provides that courts should

"freely" grant leave to amend the pleadings "when justice so requires," Fed. R. Civ. P.

15(a)(2), Rule 16(b)(4) states that scheduling orders -- including provisions limiting the time

for amending the pleadings -- "may be modified only for good cause and with the judge's

consent."  Fed. R. Civ. P. 16(b)(4).  In Parker v. Columbia Pictures Industries, 204 F.3d 326

(2d Cir. 2000), the Second Circuit considered the interplay between Rules 15(a) and 16(b) and

upheld the trial court's refusal to allow an untimely amendment; the Court of Appeals

expressly held that "despite the lenient standard of Rule 15(a), a district court does not abuse

its discretion in denying leave to amend the pleadings after the deadline set in the scheduling

order where the moving party has failed to establish good cause." Id. at 340.

In this case, defendants have failed to establish good cause for delaying their amendment until more than eight months after the expiration of the court-ordered deadline. Based on the record before this Court, it appears that defendants' original counsel made a strategic decision to assert counterclaims for retaliation but not for race discrimination. Defendants' retention of new counsel and resulting change in strategy do not constitute good cause for the lengthy extension sought by them. See Scott v. N.Y.C. Dep't of Corr., No. 10-931-CV, 2011 WL 5176580, at *1 (2d Cir. Nov. 2, 2011) (upholding denial of belated motion to amend, and noting that the "apparent negligence" of plaintiff's former attorney was not good cause for reopening discovery and amending the schedule set by the lower court).

Furthermore, contrary to defendants' conclusory assertion that the discrimination claims would involve the "same discovery" as the pending claims, see Def. Reply, defendants' proposed allegations of disparate treatment of Armstrong and other African-Americans (see Def. Motion at 2-3) implicate entirely new factual issues, relating to other employees and to employment actions unrelated to the issues identified in the parties' pleadings. To allow the proposed amendment at this late date would significantly multiply the proceedings in this litigation and prejudice plaintiff in having to meet these new charges just as discovery is set to close. See generally Scott, 2011 WL 5176580, at *1. Incoming counsel was expressly warned that the Court would not allow the substitution of counsel to further delay the case. Defendants' application is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court denies defendants' request for permission to amend the pleadings to assert new counterclaims one month before the expiration of the discovery deadline, which has already been extended for nearly six months.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
           **January 31, 2012**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**